## PERRET ET UX. *vs.* DUPRÉ ET AL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF

ST. LANDRY, THE JUDGE OF THE SEVENTH PRESIDING.

Interest cannot be recovered for rent arrear from the time it became payable, but only from judicial demand.

So a party is not bound to repair the leased premises when it can only be done but by erecting new buildings. The adverse party may annul or put an end to the lease.

This is an action to recover two instalments of rent of $500, each, and to annul the lease for the balance of the term.

The plaintiffs show that Madame veuve Miramond, now wife of F. Perret, leased a store, adjacent buildings and lot of ground, to Messrs. Follain, Fux & Co., for six years, from the 16th March, 1838, at $1000 per annum. Soon after the commencement of this lease, the lessees sold their stock of goods with the lease, to Messrs. Dupré, Jubertie & Tiney, who are and have ever since been in possession.

The present suit is for rent due from the 15th September, 1839, to 15th March, 1840, $500; and from March 15 to 15th September, 1840, $500. The plaintiffs pray for judgment for the sum claimed, with the landlord's privilege on the goods and property in the premises; the annulment of the lease, and for general relief.

WESTERN DIS.
September,1841.

PERRET ET UX.
vs.
DUPRE ET AL.

The defendants admitted the lease, but averred that the plaintiffs failed to put the leased premises in the necessary repair and condition, to entitle them to rent; that on the contrary, the store house cracked and leaked to such a degree that it became dangerous to stay in it, and caused great damage to their goods. That they repeatedly called on the plaintiffs to repair the said house, which they neglected and refused to do. They expressly aver that they have suffered damage to the amount of $2000, for which they pray judgment in reconvention.

It appeared from the evidence, that after the defendants occupied the house for some time, the brick store sunk and the wall cracked so much that it was deemed impossible to repair the building, without replacing it by a new one. On this fact being communicated to the plaintiffs, they declined making or attempting to make repairs, and tendered to the defendants a dissolution of the lease. The latter continued in the premises, without attempting any repairs on their part, during the time for which rent is now claimed.

There was judgment for the plaintiffs, for the amount of their demand, with 5 per cent. interest, and the landlord's privilege on the goods, and annulling the lease. The defendants appealed.

*Swayzé*, for the plaintiffs and appellees, insisted they were not bound to make repairs, which are shown to have been impracticable; and are not liable for damages when the accident or interruption of the lease was beyond their control. The defendants could only demand its dissolution. But are bound to pay rent as long as they continue to occupy the leased premises.

*T. H. & W. B. Lewis*, for the defendants, maintained the lessors were bound to make all necessary repairs, and to warrant the lessees in the enjoyment of the leased premises; and the lessors are responsible in damages for loss occasioned for want of repairs.

*Morphy, J.* delivered the opinion of the court.

WESTERN DIS.
September,1841.

PERRET ET UX.
vs.
DUPRE ET AL.

In 1836, the plaintiff, then Madame Miramond, leased to the commercial firm of Follain, Fux & Co. a certain brick store in the town of Opelousas, at the corner of Main and Bellevue streets, together with several out houses and depen- dencies, for the space of six years, to begin on the 16th of March, 1838, at the rate of $1000 per annum, payable semi- annually. This lease was subsequently transferred to the present defendants, who accepted the same and put them- selves in the place and stead of the original lessees. This suit is brought to recover two instalments of the rent that became due on the 15th of March, 1840, and on the 15th of Septem- ber following. By a supplemental petition, the plaintiffs prayed for a dissolution of the lease, by reason of the failure of defendants to pay their rent. The answer, after admitting the transfer to defendants of the lease of Follain, Fux & Co., avers that the principal part of the property thus leased is a large brick store house, in which they have constantly kept on hand a large stock of dry goods, groceries, hardware, &c.; that said store house, from the badness of the materials of which it is constructed, or of the workmanship, is so cracked in several places that it is in danger of falling down, and from the wind and rain passing through it by the roof and walls, has become almost useless, and has caused great damage to the goods and merchandize of the defendants; that the plaintiffs, although frequently requested to make the necessary repairs have constantly neglected and refused to have them done; that the defendants are not bound to pay any rent until such repairs are made; but are entitled to damages to the amount of $2000, which are prayed for in reconvention. The plaintiffs had a judgment below in their favor, and defendants appealed.

It appears from the evidence that the house is in such a situation as not to be susceptible of being repaired, and ren- dered safe; that it must be pulled down and entirely rebuilt; the foundations have given way and sunk, and the walls are

WESTERN DIS. cracked in several places, but such as it is, the defendants
September,1841. have occupied it during the twelve months for which the rent
PERRET ET UX. is now claimed, and continue to occupy it as a store. In the
vs.
DUPRE ET AL. month of July, 1840, the impracticability of repairing the
house having been ascertained, plaintiffs proposed to annul the
lease. This was not assented to, and on the 9th of August
following, the defendants wrote a letter calling on the plaintiffs
to make the necessary repairs, and advising them that if they
refused to have them done, they would cause the house to be
repaired at the plaintiffs' expense, and retain the amount ex-
pended, on the rents due or to become due. No complaint is
made of any loss or damage sustained up to that period, which
was but a few weeks before the expiration of the time em-
braced by plaintiffs' claim; and long before writing this letter
they had notified plaintiffs through their agent that they would
withhold the rent until the repairs were made, but not a word
appears to have been said about any claim for damage done to
their goods. Had the repairs been practicable, and had they
been done either by plaintiffs or by the defendants themselves,
we may well infer from their letter that they would have
continued to occupy the store without pretending to any in-
demnity. The defendants having consulted their undertaker
about their repairs, and understanding that they could not be
made, purchased them a lot and had a store built on it for
their use. In this situation of things they do not complain of
that part of the judgment which decrees a dissolution of the
lease; but they insist that they are entitled to an indemnity.
The damagé done to their goods appears to have been incon-
siderable, and is not shown to have been sustained during the
time for which rent is now claimed. From the testimony we
are inclined to believe, that it happened subsequently.
Whether any indemnity is due at all, after the defendants have
refused to dissolve the lease, and have continued to occupy
this store in its crazy condition; well knowing that it was not
susceptible of being repaired, is a question which will present
itself when the rent accrued subsequently, will be demanded

of them. The judgment below is however erroneous, in al- lowing interest on the instalments of the rent claimed from the time they became due. It should have been allowed only from the day of the judicial demand.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, except as relates to the interest of five per cent. on the amount claimed, which is hereby allowed only from the third of June, 1841. The costs of this apppeal to be borne by the plaintiff and appellee.

*[margin:]* WESTERN DIS. *September*,1841.

Interest cannot be recovered for rent arrear from the time it became payable, but only from judicial demand.